UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Crim. No. 3:05cr00054 (JBA) |
|---|---|
| v. | |
| ANDRE CARTER | November 9, 2015 |

**RULING DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On April 26, 2006, Defendant Andre Carter was sentenced to a below guideline term of 144 months imprisonment and 72 months supervised release following his conviction upon his plea of guilty on a charge of Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base, in violation of 21 U.S.C. § § 846, 841(a)(1) and (b)(1)(C). He now moves [Doc. # 810], pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in his sentence. For the following reasons, his motion is denied.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Mr. Carter contends that he is eligible for such a reduction based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11.

However, as the Government notes in its opposition to Mr. Carter's motion [Doc. # 812], Mr. Carter's sentence was not determined by operation of § 2D1.1 or § 2D1.11.

Rather, his sentence rested on § 4B1.1, applicable to career offenders. The Second Circuit has clearly held that where, as here, a court "used the career offender Guideline, § 4B1.1 to calculate [a defendant's] base offense level, and not the Drug Quantity Table in § 2D1.1(c), his motion for a reduced sentence [is] properly denied." *United States v. Mock*, 612 F.3d 133, 136 (2d Cir. 2010) (denying career offender's motion to reduce his sentence under Amendment 706, which implemented a two-level reduction of the base offense levels for crack cocaine offenses).

Therefore, because Mr. Carter was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). His Motion [Doc. # 810] for Reduction in Sentence is therefore DENIED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of November 2015.